R. H. Sebree v. W. D. Sebree's Admr.

Executors and Administrators—Account Against Decedent—Sufficiency of Affidavit.

> The affidavit of appellee that the account, sued on, against decedent was just and fair and included no usury, nor was there any just set-offs, and the affidavit of a disinterested witness that it was just, substantially conformed to the requirement of the statuee.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 5, 1870.

Opinion of the Court by Judge Williams:

The affidavit of appellee that the account, sued on, against decedent was just and unpaid and included no usury nor was there any just off-set and the affidavit of a disinterested witness that it was just, were made December 13, 1866, therefore evidence that in the spring of 1868, the defendant said that plaintiff had presented his account authorized the inference that it was presented with the proper affidavits, especially as the affidavit of the defendant to obtain the rule was so peculiarly guarded for it says "that no demand was made of him upon the account accompanied by the presentation of the account with the affidavit and proof required by law."

As there seems to have been some doubts as to the conformity of the first affidavits to the statute, the plaintiff subsequently, July 15, 1868, made an affidavit, one which was probably superinduced by the objections of the defendant to the first ones, as indicated by the proof of what he had said.

The first affidavits substantially conformed to the requirements of the statutes and the proof on the rule was sufficient to establish a demand and the bill of exceptions leaves no doubt but that all the evidence heard on the trial of the rule is certified therein.

Wherefore the judgment dismissing the petition on the rule is reversed with directions for further proceedings as indicated herein.

The interlineations in the original account probably made at the time of the last affidavit are not at all important or significant, being only the more particularly to identify the original items.

*Sweeney & S., for appellant.*

*Ray & Hardin, for appellee.*

